The receivers for the Union Indemnity Company have asked for a rehearing, or, in the alternative, for an explanation of our decree. The receivers concede that, being only stakeholders, they are not concerned with the decree except to the extent of carrying out the orders of the court. Neither of the interested parties to the litigation has applied for a rehearing.
The receivers say that, of the $2,759.67 deposited in the cash collateral account, the sum of $1,388.11 consists of frozen deposits in banks in liquidation, and hence that only the sum of $1,371.56 is available for the payment of the judgment rendered in this proceeding. Hence the receivers ask whether they are to pay the $1,307.55 due to Blanchard, Goldstein, Walker O'Quin out of the available cash, amounting to $1,371.56, or to allow them only a proportionate share of both the available cash and the frozen deposits. Our answer is that the $1,307.55 due to Blanchard, Goldstein, Walker O'Quin is to be paid out of the available cash deposit of $1,371.56. The reason for this is that M.H. Smith, who owned the fund of $2,759.67, owes the $1,307.55 to Blanchard, Goldstein, Walker O'Quin, and, *Page 254 
hence, cannot compete with them in the distribution of the fund.
The receivers ask also whether that part of the decree of the civil district court shall be carried out which directed that the receivers should file a petition and obtain an order of court to be allowed to pay the fund to Smith. That part of the decree of the civil district court had reference to paying the fund to Smith. There would be no reason and hence no requirement for the receivers to obtain any further authority from the court to pay the $1,307.55 to Blanchard, Goldstein, Walker O'Quin, but for the fact that the receivers claim in this proceeding that they may be called upon to pay a claim of the Pellican Well Tool 
Supply Company, amounting to $579.50. The civil district court, in its decree, directed that the receivers should not pay out the fund in dispute without evidence that the Pellican Well Tool 
Supply Company had no lien on the fund. That is the part of the decree of the civil district court that this court had reference to in saying that the payment of the $1,307.55 to Blanchard, Goldstein, Walker O'Quin should be made "subject to the same conditions on which the receivers are ordered to pay the balance of the fund to Michael H. Smith."
With this explanation the application for a rehearing is denied.
O'NIELL, C.J., absent. *Page 255